tified that they looked both up and down the avenue before they went upon the tracks, but saw no car or automobile. Each of them denied having seen the automobile until the moment of the collision.

From this testimony plaintiff was entitled to go to the jury. Her case was that, being upon the crosswalk, where she had an equal right with the defendant (Barker v. Savage, 45 N. Y. 191, 6 Am. Rep. 66; Young v. Herrmann, 119 App. Div. 445, 104 N. Y. Supp. 72), and exercising due care, she was struck by an automobile which none of the witnesses had seen until the moment of the collision, although they had taken particular pains to look for it. This state of facts is conceivable, and made out a prima facie case of negligence against the defendant, and of freedom from contributory negligence on the part of the plaintiff. Whether or not the testimony was credible was for the jury to say in the first instance. The judge could set their verdict aside if he was dissatisfied with it, but he could not dismiss the complaint when the evidence on its face made out a case for the plaintiff. Colt v. Sixth Ave. R. R. Co., 49 N. Y. 671; Place v. N. Y. C. & H. R. R. R. Co., 167 N. Y. 345, 60 N. E. 634; Lewis v. Erie R. R. Co., 105 App. Div. 292, 94 N. Y. Supp. 765; Reilly v. Troy Brick Company, 184 N. Y. 399, 77 N. E. 385.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

FROHMAN et al. v. SHERMAN SQUARE HOTEL CO. et al.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION.

An action to set aside chattel mortgages made by a corporation will be dismissed for want of prosecution where, after action brought, a permanent receiver of the corporation was appointed in proceedings for voluntary dissolution, and the receiver sued to set aside the chattel mortgages for the benefit of all the creditors, and where plaintiff intended to await the result of the receiver's action, in which all the relief he was entitled to might be awarded.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 148; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

Action by Herman Frohman and another against the Sherman Square Hotel Company and others. From an order denying a motion to dismiss the complaint for want of prosecution, defendants Charles Haines and others appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Otis & Otis (A. Walker Otis, of counsel), for appellants.

Rose & Putzel (Norman P. S. Schloss, of counsel, and Benjamin G. Paskus, on the brief), for respondents.

CLARKE, J. This is an action in equity brought to set aside two chattel mortgages made by the defendant the Sherman Square Hotel

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company. The motion to dismiss for want of prosecution complies with the technical requirements.

It appears that after this suit was instituted the Sherman Square Hotel Company filed a petition for voluntary dissolution and an order was made appointing a permanent receiver. The receiver instituted an action against the defendants for the purpose of setting aside the said chattel mortgages. The affidavit in opposition sets up that the ground of the two actions and the remedy demanded is the same, and that this action is in the nature of a creditors' action for the benefit of all the creditors, and that the assets of the said company consist solely of said two mortgages.

It seems to the court that the reasons advanced for the purpose of justifying the order denying the motion to dismiss for failure to prosecute furnishes sufficient reason for the granting of said motion. There can be no useful purpose in keeping alive two actions brought for the same purpose. As the plaintiffs affirmatively state that they intend to await the result of the receiver's action, where they admit they can receive all of the relief they are entitled to, and where the complaint sets up the facts more in extenso than in the complaint at bar, there seems no reason for keeping this action alive.

The order appealed from should therefore be reversed, with $10 costs, and the motion granted, with $10 costs to the appellant. All concur.

---

## HALLOHAN v. REMPE et al.

(Supreme Court, Special Term, Kings County. January 21, 1910.)

1. DEEDS (§ 193*)—EXECUTION—PRESUMPTION.

From a certificate of due acknowledgment of a deed by F. B. S. and M. B. S., his wife, there is a presumption, which can only be overcome by clear and convincing proof, it being conceded that F. B. S. was really F. B. and had assumed the former name, that M. B. S. was his lawful wife, M. B., and that she signed and executed the deed.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 193.*]

2. DEEDS (§ 207*)—CERTIFICATE OF ACKNOWLEDGMENT—EVIDENCE TO OVERCOME.

It is not clear and convincing evidence, necessary to overcome the certificate of the acknowledgment of a deed by the grantor's wife, that the notary, after testifying that he cannot recall any of the circumstances of the acknowledgment, and has no recollection of what the person looked like, states that it was not the person in court, who was such wife; and that the wife was taken to an insane asylum, for some reason not appearing, four years before execution of the deed, and was not living with her husband at the time the deed was executed.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 207.*]

3. EVIDENCE (§ 67*)—PRESUMPTION—INSANITY—CONTINUANCE.

The presumption that insanity existing at a certain time continues does not arise till the nature of the insanity appears to be of the continuing kind.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 87; Dec. Dig. § 67;* Insane Persons, Cent. Dig. § 6.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes